JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>             Plaintiff,<br><br>   v.<br><br>STARBUCKS CORPORATION, a Washington Corporation,<br><br>             Defendant. | CASE NO. CV 18-0717-R<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

      Before the Court is Plaintiff's Motion for Summary Judgment (Dkt. No. 27), which was filed on January 4, 2019. Having been briefed by both parties, this Court took the matter under submission on January 29, 2019.

      The facts of this case are as follows. Plaintiff Scott Johnson is quadriplegic and uses a wheelchair for mobility. On August 5 and August 6, 2017, Plaintiff went to Starbucks to eat breakfast. While making his purchase, Plaintiff encountered a transaction counter that was not accessible to him. While it was a lowered height, it was crowded with merchandise and displays which narrowed the clear width of the counter. On January 12, 2018, Plaintiff's investigator conducted an investigation of the Starbucks at issue and discovered that the restroom was not

accessible because the bottom edge of the mirror was too high above the floor.  However, Plaintiff did not personally encounter this barrier during either of his visits.  Plaintiff's Complaint alleges two causes of action, including violation of the Americans with Disabilities Act of 1990 ("ADA") and violation of the Unruh Civil Rights Act.  It is on both claims that Plaintiff now moves for summary judgment.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  To meet its burden of production, "the moving party must either produce evidence negating an essential element of the non-moving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos*., 210 F.3d 1099 (9th Cir. 2000).  Once the moving party meets its initial burden of showing there is no genuine issue of material fact, the opposing party has the burden of producing competent evidence and cannot rely on mere allegations or denials in the pleadings.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574 (1986).  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  *Id*.

A plaintiff who claims discrimination under Title III of the ADA must establish that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).  Denial of public accommodations is defined as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" or, where there are no alterations "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable."  42 U.S.C. §§ 12183(a)(2); 42 U.S.C. § 12182(b)(2)(A)(iv).  To determine if Plaintiff describes an architectural barrier, the Court must turn to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG").  If an element does not meet or exceed ADAAG standards, it is considered a barrier to access.  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

2

Here, there is no dispute as to whether Plaintiff is disabled. Plaintiff is a quadriplegic who cannot walk and uses a wheelchair for mobility. Due to Plaintiff's inability to walk, he clearly qualifies as a person with a disability under the ADA, and there is no genuine issue of material fact regarding this element. As for the second element, Starbucks is an establishment serving food or drinks. Restaurants, bars, or other establishments serving food or drink are expressly identified under the ADA as places of public accommodation. 42 U.S.C. § 12181(7)(B). Therefore, Starbucks is a place of public accommodation, which Defendant admits. Defendant owns and/or operates this place of public accommodation. Thus, there is no genuine issue of material fact that Defendant has an obligation to comply with the anti-discrimination provisions of Title III of the ADA.

The third element is satisfied if there was a violation of applicable accessibility standards. Here, there were "barriers" preventing equal access at Starbucks on both dates that Plaintiff visited.

First, the lack of an accessible transaction counter constitutes a barrier. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4, 904.4.1.

Here, the transaction counter at issue was less than 36 inches in height, but the counter was still not accessible to Plaintiff due to the merchandise and displays narrowing the clear width of the counter to far less than 36 inches as required. This caused Plaintiff difficulty, discomfort, and frustration on both dates of patronage. Defendant argues that there is an exception that modifies the width and length requirement for countertops, but such exception does not apply. The exception states that where the provided counter surface is less than 36 inches long, the entire counter surface shall be 36 inches high maximum above the finish floor. However, the counter at

the subject Starbucks is 12 feet long meaning the exception does not apply to the general rule.

Second, Plaintiff argues that the lack of an accessible mirror in the bathroom constitutes a barrier. While the height of the mirror may have been too high at one point, the subject mirror has since been removed from the bathroom, so there is no longer a barrier. Thus, due to the transaction counters constituting a barrier, Plaintiff has sufficiently plead a prima facie case for conduct in violation of the ADA, and Plaintiff is entitled to summary judgment.

As for Plaintiff's claim under the Unruh Act, there has been a per-se violation. The Unruh Civil Rights Act provides that "a violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). "A violation of the ADA is, by statutory definition, a violation of both the Unruh Act and the DPA." *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012). Because this Court has found the Defendant to be in violation of the ADA, it also finds that there has been a per-se violation of Unruh.

Finally, Plaintiff seeks both injunctive relief and statutory damages. Under the ADA, Plaintiff is entitled to injunctive relief. 42 U.S.C. § 12188(a). Such injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities" to the extent required by the ADA. *Id*. at 12188(a)(2). Statutory damages can be recovered for a violation of the Unruh Civil Rights Act if the violation "denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(a). A denial of full and equal access takes place where a plaintiff "personally encountered" the violation and it resulted in "difficulty, discomfort or embarrassment." Cal. Civ. Code § 55.56(b). The Plaintiff is entitled to recover a statutory penalty of $4,000 for each offense which has been defined as "each particular occasion that the plaintiff was denied full and equal access . . ." Cal. Civ. Code § 52(a); § 55.56(f).

Here, all the elements are met, and this Court finds both injunctive relief and statutory damages appropriate. Plaintiff personally encountered the transaction counter barrier on both dates that he patronaged Starbucks. As a result, two statutory penalties totaling $8,000, coupled with injunctive relief, is appropriate.

1    **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is
2    GRANTED.  (Dkt. No. 27).
3    Dated:  February 5, 2019.

      _____
                    MANUEL L. REAL
            UNITED STATES DISTRICT JUDGE